# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ZENON RODRIGUEZ ) ) Petitioner, ) ) v. ) ) RAYMOND MARCHILLI ) ) Respondent. ) | CIVIL ACTION<br><br>NO. 4:16-CV-40068-TSH |

## MEMORANDUM AND ORDER ON PETITIONER'S MOTION TO HOLD HIS HABEAS CORPUS PETITION IN ABEYANCE
### (Docket No. 25)

**June 7, 2017**

**HILLMAN, D.J.**

Petitioner Zenon Rodriguez filed the present motion seeking a stay and abeyance of his Petition for Habeas Corpus. The instant motion is dated January 11, 2017, but was docketed on January 23, 2017, three days after this Court's January 20, 2017 Order granting Respondent's Motion to Dismiss Rodriguez's Petition on the basis that the only two claims raised were unexhausted. *See* Docket No. 22. Rodriguez claims that stay and abeyance of his Petition is appropriate under *Rhines v. Weber*, 544 U.S. 269 (2005), because his "mixed" petition includes an unexhausted claim, through no fault of his own.

In his habeas petition, Rodriguez claims (1) he was deprived of his right to a public trial due to closure of the courtroom during jury empanelment, and (2) that the trial court's admission of a medical witness's testimony, despite the Prosecution's failure to inform defense counsel of its

1

intent to call such witness, violated his Sixth and Fourteenth Amendment rights. Rodriguez now seeks a stay only for the purpose of exhausting his public trial claim, under the apparent assumption his medical witness claim was properly exhausted. However, as indicated in this Court's January 20, 2017 Order, **both** of the claims Rodriguez asserts in his Petition are unexhausted.

With regard to his medical witness claim, Rodriguez failed to present the federal claim to either the Massachusetts Appeals Court ("MAC") or the Massachusetts Supreme Judicial Court ("SJC"). Rodriguez "must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Clements v. Maloney*, 485 F.3d 158, 162 (1st Cir. 2007). As noted in the Respondent's Motion to Dismiss, Rodriguez framed his medical witness claim in state law terms only, to both the MAC and the SJC, and his mere reference to "fair trial" in the section heading of his briefs did not fairly present the federal basis of his challenge to the trial court's admission of the medical witness's testimony. *See, e.g., Coningford v. Rhode Island*, 640 F.3d 478, 483 (1st Cir. 2011) ("Alleging lack of a fair trial does not convert every complaint about evidence ... into a federal due process claim.") (quoting *Dougan v. Ponte*, 727 F.2d 199, 201 (1st Cir. 1984)). Rodriguez makes no other reference to his federal claim in his appeal to the MAC, and thus failed to exhaust his medical witness claim on this basis alone. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989). In addition, Rodriguez's application for leave to obtain further appellate review ("ALOFAR") included only a one-sentence passing reference to his constitutional rights on the last page of his 15-page brief, which did not fairly present his federal claim. Rodriguez never opposed or offered counterargument to these or other arguments made in the Respondent's Motion to Dismiss regarding his failure to exhaust his medical witness claim.

As to his public trial claim, Rodriguez concedes that he did not present it in his ALOFAR, and that his public trial claim is therefore unexhausted. Docket No. 25, p.6. He asserts that the decision to omit the public trial claim was based on the existence of case law precedent that appeared to bar such claims.[1] Rodriguez contends that this amounts to "good cause" for his failure to exhaust, and thus a stay and abeyance of his habeas petition is appropriate under *Rhines*. However, the First Circuit has "a long-standing rule that claims omitted entirely from an ALOFAR cannot be exhausted," and the "intentional decision to omit some claims from the ALOFAR cannot amount to good cause." *Clements*, 485 F.3d at 170. This "lack of good cause means that, under *Rhines*, [a habeas petitioner] cannot take advantage of the 'stay and abeyance' procedure." *Id.* at 171. Accordingly, Rodriguez's strategic decision to omit his public trial claim from his ALOFAR cannot amount to good cause, and warrants dismissal of his Petition and denial of his motion to hold his Petition in abeyance.

## Conclusion

Rodriguez's Motion to Hold his Habeas Corpus Petition in Abeyance (Docket No. 25) is *denied*.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

[1] Rodriguez cites the SJC's decisions in, *inter alia*, *Commonwealth v. Alebord*, 467 Mass. 106 (2014) and *Commonwealth v. Morganti*, 467 Mass. 96 (2014).

3